UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MAURICE BISHOP, | ) | 1:10-CV-00119 LJO GSA HC |
| Petitioner, | ) ) | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ) ) | |
| H. A. RIOS, JR., Warden, | ) ) | |
| Respondent. | ) ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**PROCEDURAL HISTORY**

Petitioner is currently in the custody of the United States Bureau of Prisons ("BOP") at the United States Penitentiary located in Atwater, California, and serving a sentence of 102 months for a 2005 conviction in the United States District Court for the Eastern District of Pennsylvania. See Petition at 2.

On January 25, 2010, Petitioner filed the instant federal petition for writ of habeas corpus in this Court. Petitioner complains the Bureau of Prisons has miscalculated his federal sentence by

failing to credit him with time served in state custody.

## DISCUSSION

I.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases[1] provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

II.  Standard of Review

Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  See, e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).  To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner.  See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody);  Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center);  Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody);  Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence

---

[1] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion.  See, Rule 1 of the Rules Governing Section 2254 Cases.

report used to deny parole).  A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian.  Brown, 610 F.2d at 677.  Petitioner is currently in custody of the U.S. Bureau of Prisons at the United States Penitentiary in Atwater, California, which is located within the jurisdiction of this Court.  28 U.S.C. § 2254(a); 2241(d).

III.  Review of Petition

Petitioner complains that the BOP has improperly calculated his federal sentence. He claims the BOP has failed to credit his federal sentence for the time he has been serving a state sentence after a federal detainer was lodged against him. He asserts the federal detainer operated to place him in "de facto federal custody." See Petition at 6.

The authority to compute a federal prisoner's sentence is delegated to the Attorney General who exercises it through the Bureau of Prisons. United States v. Wilson, 503 U.S. 329, 334-35 (1992); Allen v. Crabtree, 153 F.3d 1030, 1033 (9th Cir.1998), *cert. denied*, 525 U.S. 1091 (1999); 18 U.S.C. § 3621(a).

18 U.S.C. § 3585 provides:

> (a) Commencement of sentence. - A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. - A defendant shall be given credit toward the service of a term if imprisonment for any time he has spent in official detention prior to the date the sentence commences -
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

(Emphasis added.)

In Wilson, the Supreme Court noted that, under section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." 503 U.S. at 337. Thus, under section 3585(b), Petitioner is not entitled to custody credit if it was applied toward another sentence. United States v. Von Willie, 59 F.3d 922, 930-931 (9th Cir.1995); United States v. Kramer, 12 F.3d

130, 132 (8th Cir.1993). In this case, Petitioner admits that he in state custody serving a state sentence. He cannot therefore receive credit for that time toward his federal sentence, as that would constitute unauthorized dual credit pursuant to § 3585(b). Therefore, Petitioner is not entitled to any additional credit toward his federal sentence.

**RECOMMENDATION**

Accordingly, the Court hereby RECOMMENDS that the Petition for Writ of Habeas Corpus be SUMMARILY DISMISSED and the Clerk of Court be DIRECTED to enter judgment and close the case.

These Findings and Recommendations are submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after date of service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 17, 2010**              **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE